UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

TAVA JERMAINE JACOBS,

          Petitioner,              Case No. 1:20-cv-609

v.                                       Honorable Paul L. Maloney

O'BELL THOMAS WINN,

          Respondent.
_____/

## **OPINION**

This is a habeas corpus action brought by a state prisoner under 28 U.S.C. § 2254. Promptly after the filing of a petition for habeas corpus, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing § 2254 Cases; *see* 28 U.S.C. § 2243. If so, the petition must be summarily dismissed. Rule 4; *see Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (district court has the duty to "screen out" petitions that lack merit on their face). A dismissal under Rule 4 includes those petitions which raise legally frivolous claims, as well as those containing factual allegations that are palpably incredible or false. *Carson v. Burke*, 178 F.3d 434, 436-37 (6th Cir. 1999). After undertaking the review required by Rule 4, the Court determines that Petitioner has failed to exhaust available state-court remedies for each issue raised in his petition. Because there is insufficient time remaining in Petitioner's period of limitation, however, in lieu of dismissing the petition without prejudice, the Court will stay these proceedings and hold this matter in abeyance

pending Petitioner's compliance with the Court's order regarding timely exhaustion of state remedies and a timely return to this Court.

## **Discussion**

### I.     Factual allegations

Petitioner Tava Jermaine Jacobs is incarcerated with the Michigan Department of Corrections at the Saginaw County Correctional Facility (SRF) in Freeland, Saginaw County, Michigan.  On March 27, 2017, following a multiple-day jury trial in the Ingham County Circuit Court, Petitioner was convicted of first-degree murder, in violation of Mich. Comp. Laws § 750.316.  On April 26, 2017, the court imposed the mandatory sentence of life imprisonment without parole.

On June 29, 2020, Petitioner filed his habeas corpus petition.  Under Sixth Circuit precedent, the application is deemed filed when handed to prison authorities for mailing to the federal court.  *Cook v. Stegall*, 295 F.3d 517, 521 (6th Cir. 2002).  Petitioner has not supplied that date.  Petitioner signed his application on June 29, 2020.  (Pet., ECF No. 1, PageID.3.)  The petition was postmarked July 1, 2020, (*Id.*, PageID.4), and the petition was received by the Court on July 6, 2020.  I have given Petitioner the benefit of the earliest possible filing date.  *See Brand v. Motley*, 526 F.3d 921, 925 (6th Cir. 2008) (holding that the date the prisoner signs the document is deemed under Sixth Circuit law to be the date of handing to officials) (citing *Goins v. Saunders*, 206 F. App'x 497, 498 n.1 (6th Cir. 2006)).

The petition raises several grounds for relief.  The issues are presented in a supporting brief.  (ECF No. 2.)  It is difficult to pin down exactly how many issues are raised because Petitioner describes his issues one way in the table of contents; he describes them

2

differently in the statement of questions presented; and, then, his argument strays beyond the issues as described in either the table of contents or the statement of questions presented. The Court determines that the petition raises the following issues:

I. Petitioner suffered from ineffective assistance of trial counsel because

  A. Counsel was absent at critical stages (table of contents, questions presented, argument);

  B. Counsel failed to consult with Petitioner prior to agreeing to no further deliberations on other charges (table of contents, argument);

  C. Counsel failed to investigate the mental health history of witness Mattie Horton, failed to consult with a mental health doctor, failed to request a competency evaluation for Mattie Horton, and failed to call an expert witness (questions presented, argument); and

  D. Counsel failed to request jury instructions (argument).

II. Petitioner suffered from ineffective assistance of appellate counsel because counsel failed to move for a *Ginther* hearing or a *Daubert* hearing after Petitioner challenged trial counsel's effectiveness in his *pro per* brief in the Michigan Court of Appeals (table of contents, argument).

III. Petitioner was denied due process because the prosecutor failed to present sufficient evidence regarding the issue of identity (table of contents, questions presented, argument) and the jury did not convict Petitioner of armed robbery—the predicate felony (questions presented).

IV. Petitioner was charged, arraigned, tried, and convicted under the incorrect statute; therefore, the trial court did not have jurisdiction (table of contents, argument).

V. The cumulative errors denied Petitioner due process and resulted in a miscarriage of justice (argument)

(Pet'r's Br., ECF No.2.)

Petitioner raised issues on direct appeal by way of the brief he filed with the assistance of counsel in the Michigan Court of Appeals, the *pro per* brief he filed in the court of

appeals, and the *pro per* application for leave to appeal he filed in the Michigan Supreme Court.

Those issues are as follows:

    I.    Verdict of guilty based upon insufficient evidence regarding identity constituted a denial of due process (counsel's brief in the court of appeals, Issue I (ECF No. 2-1, PageID.32); pro per brief in the court of appeals, Issue III (ECF No. 2-2, PageID.84); supreme court application for leave to appeal, Question 1 (ECF No. 2-4, PageID.135)).

    II.    Insufficient evidence because the jury did not return a guilty verdict on armed robbery—the predicate felony (pro per brief in the court of appeals, Issue IV (ECF No. 2-2, PageID.85); supreme court application for leave to appeal, argument (ECF No. 2-4, PageID.178)).

    III.    Trial counsel was ineffective for failing to investigate the mental health history of Mattie Horton, failing to consult a mental health doctor, failing to request a competency evaluation, and failing to call an expert witness (pro per brief in the court of appeals, Issues I & II (ECF No. 2-2, PageID.84)).

    IV.    Petitioner was arraigned, tried and convicted under the incorrect statute, creating a jurisdictional defect (pro per brief in the court of appeals (ECF No. 2-3, PageID.100); supreme court application for leave to appeal, Question 2 (ECF No. 2-4, PageID.135)).

    V.    Petitioner was denied a fair trial because the trial court did not compel the jury to reach a verdict on all crimes charged (pro per brief (ECF No. 2-3, PageID.100); supreme court application for leave to appeal, Question 3 (ECF No. 2-4, PageID.135)).

**II.    Exhaustion of State Court Remedies**

Before the Court may grant habeas relief to a state prisoner, the prisoner must exhaust remedies available in the state courts. 28 U.S.C. § 2254(b)(1); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). Exhaustion requires a petitioner to "fairly present" federal claims so that state courts have a "fair opportunity" to apply controlling legal principles to the facts bearing upon a petitioner's constitutional claim. *Id.* at 844, 848; *see also Picard v. Connor*, 404 U.S. 270, 275-77 (1971); *Duncan v. Henry*, 513 U.S. 364, 365 (1995); *Anderson v. Harless*, 459 U.S. 4, 6

4

(1982). To fulfill the exhaustion requirement, a petitioner must have fairly presented his federal claims to all levels of the state appellate system, including the state's highest court. *O'Sullivan*, 526 U.S. at 845; *Wagner v. Smith*, 581 F.3d 410, 414 (6th Cir. 2009); *Hafley v. Sowders*, 902 F.2d 480, 483 (6th Cir. 1990). The district court can and must raise the exhaustion issue *sua sponte* when it clearly appears that habeas claims have not been presented to the state courts. *See Prather v. Rees*, 822 F.2d 1418, 1422 (6th Cir. 1987); *Allen v. Perini*, 424 F.2d 134, 138-39 (6th Cir. 1970).

Petitioner bears the burden of showing exhaustion. *See Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994). Petitioner contends that he has exhausted his available remedies in the state court with respect to each issue he raises in his petition. He relies on the statement of questions presented from each brief he filed in the state courts to support that claim. (Pet., ECF No. 1, PageID.1-3.) Petitioner does not identify his habeas issues in the petition. Instead, he scatters them through his brief in support of the petition. Gathering together those scattered issues reveals several that have not been raised in the Michigan Court of Appeals ***and*** the Michigan Supreme Court. No matter how liberally the Court construes Petitioner's various filings, Petitioner has not presented habeas issue I.A., I.C., I.D., II, or V in both Michigan appellate courts.

An applicant has not exhausted available state remedies if he has the right under state law to raise, by any available procedure, the question presented. 28 U.S.C. § 2254(c). Petitioner has at least one available procedure by which to raise the issues he has presented in this application. He may file a motion for relief from judgment under Mich. Ct. R. 6.500 *et seq.* Under Michigan law, one such motion may be filed after August 1, 1995. Mich. Ct. R. 6.502(G)(1). Petitioner has not yet filed his one allotted motion. Therefore, the Court concludes that he has at least one available state remedy. To properly exhaust his claim, Petitioner must file a motion for

5

relief from judgment in the Ingham County Circuit Court.  If his motion is denied by the circuit court, Petitioner must appeal that decision to the Michigan Court of Appeals and the Michigan Supreme Court.  *O'Sullivan,* 526 U.S. at 845; *Hafley,* 902 F.2d at 483 ("'[P]etitioner cannot be deemed to have exhausted his state court remedies as required by 28 U.S.C. § 2254(b) and (c) as to any issue, unless he has presented that issue both to the Michigan Court of Appeals and to the Michigan Supreme Court.'") (citation omitted).

Because Petitioner has some claims that are exhausted and some that are not, his petition is "mixed."  Under *Rose v. Lundy*, 455 U.S. 509, 522 (1982), district courts are directed to dismiss mixed petitions without prejudice in order to allow petitioners to return to state court to exhaust remedies.  However, since the habeas statute was amended to impose a one-year statute of limitations on habeas claims, *see* 28 U.S.C. § 2244(d)(1), dismissal without prejudice often effectively precludes future federal habeas review.  This is particularly true after the Supreme Court ruled in *Duncan v. Walker*, 533 U.S. 167, 181-82 (2001), that the limitations period is not tolled during the pendency of a federal habeas petition.  As a result, the Sixth Circuit adopted a stay-and-abeyance procedure to be applied to mixed petitions.  *See Palmer v. Carlton*, 276 F.3d 777, 781 (6th Cir. 2002).  In *Palmer*, the Sixth Circuit held that when the dismissal of a mixed petition could jeopardize the timeliness of a subsequent petition, the district court should dismiss only the unexhausted claims and stay further proceedings on the remaining portion until the petitioner has exhausted his claims in the state court.  *Id.*; *see also Rhines v. Weber*, 544 U.S. 269, 277 (2007) (approving stay-and-abeyance procedure); *Griffin v. Rogers*, 308 F.3d 647, 652 n.1 (6th Cir. 2002).

Petitioner's application is subject to the one-year statute of limitations provided in 28 U.S.C. § 2244(d)(1).  Under that provision, the one-year limitations period runs from "the date

6

on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). Petitioner appealed his conviction to the Michigan Court of Appeals and the Michigan Supreme Court. The Michigan Supreme Court denied his application on April 2, 2019**.** (Mich. Ord., ECF No. 2-6, PageID.193.) It does not appear that Petitioner filed a petition for certiorari to the United States Supreme Court, though the ninety-day period in which he could have sought review in the United States Supreme Court is counted under § 2244(d)(1)(A). *See Bronaugh v. Ohio*, 235 F.3d 280, 283 (6th Cir. 2000). The ninety-day period expired on July 1, 2019. Accordingly, absent tolling, Petitioner would have one year, until July 1, 2020**,** in which to file his habeas petition. Petitioner filed the instant petition on June 29, 2020, 2 days before expiration of the limitations period.

The running of the statute of limitations is tolled while "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2). The statute of limitations is tolled from the filing of an application for state post-conviction or other collateral relief until a decision is issued by the state supreme court. *Lawrence v. Florida*, 549 U.S. 327 (2007). The statute is not tolled during the time that a Petitioner petitions for writ of certiorari in the United States Supreme Court. *Id.* at 332. Thus, so long as Petitioner's request for collateral review is pending, the time will not count against him. But, until he files his motion and after the Michigan Supreme Court rules on his application for leave to appeal to that court, the statute of limitations will run. The *Palmer* Court has indicated that, in the context of a stay pending exhaustion, thirty days is a reasonable amount of time for a petitioner to file a motion for post-conviction relief in state court, and another thirty days is a reasonable amount of time for a petitioner to return to federal court after he has exhausted his state-

court remedies. *Palmer*, 276 F.3d at 781. *See also Griffin*, 308 F.3d at 653 (holding that sixty days amounts to a mandatory period of equitable tolling under *Palmer*).

In the instant case, Petitioner has less than sixty days remaining before the statute of limitations expires. Petitioner therefore would not have the necessary 30 days to file a motion for post-conviction relief or the additional 30 days to return to this court before expiration of the statute of limitations. As a result, were the Court to dismiss the petition without prejudice for lack of exhaustion, the dismissal could jeopardize the timeliness of any subsequent petition. *Palmer*, 276 F.3d at 781.

The Supreme Court has held, however, that the type of stay-and-abeyance procedure set forth in *Palmer* should be available only in limited circumstances because over-expansive use of the procedure would thwart the AEDPA's goals of achieving finality and encouraging petitioners to first exhaust all of their claims in the state courts. *See Rhines*, 544 U.S. at 277. In its discretion, a district court contemplating stay and abeyance should stay the mixed petition pending prompt exhaustion of state remedies if there is "good cause" for the petitioner's failure to exhaust, if the petitioner's unexhausted claims are not "plainly meritless" and if there is no indication that the petitioner engaged in "intentionally dilatory litigation tactics." *Id.* at 278. Moreover, under *Rhines*, if the district court determines that a stay is inappropriate, it must allow the petitioner the opportunity to delete the unexhausted claims from his petition, especially in circumstances in which dismissal of the entire petition without prejudice would "unreasonably impair the petitioner's right to obtain federal relief." *Id.*

Petitioner's claims that he received ineffective assistance of appellate counsel suffice to show "good cause" for Petitioner's failure to exhaust. Although Petitioner signed the application for leave to appeal to the Michigan Supreme Court; the petition suggests that the

application was prepared by counsel.  (Pet., ECF No. 1, PageID.2.)  The application bears the hallmarks of a document prepared by counsel, not by a prisoner.  (Appl., ECF No. 24.)  Although the issues that are unexhausted may ultimately be determined to lack merit, they are not "plainly meritless" on their face.  Additionally, neither the proceedings below nor in this Court suggest that Petitioner has engaged in intentionally dilatory litigation tactics.  Therefore, the Court concludes that the stay and abeyance remedy is appropriate here.

An order consistent with this opinion will be entered.


Dated:   August 10, 2020                    /s/ Paul L. Maloney
                                            Paul L. Maloney
                                            United States District Judge